DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-333-RJC

| | | |
|---|---|---|
| CLAUDE D. LANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SIX UNKNOWN OFFICERS, | ) | |
| FOUR OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se

Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to

Proceed in Forma Pauperis, (Doc. No. 2).

## I.    BACKGROUND

Pro se Plaintiff Claude Laney is a state court inmate, currently incarcerated at Central

Prison in Raleigh, North Carolina.  On May 31, 2013, Plaintiff filed the instant Complaint

pursuant to 42 U.S.C. § 1983, alleging that on May 13, 2013, while he was incarcerated at

Lanesboro Correctional Institution, unnamed correctional officers repeatedly assaulted Plaintiff

without justification, causing serious injury, after Plaintiff got into an altercation with another

inmate who was a gang member.  See (Doc. No. 1 at 6-9).  Plaintiff alleges that he was

transferred from Lanesboro to Central Prison because of the incident with the correctional

officers.  (Id. at 2).  Plaintiff seeks compensatory and punitive damages, as well as declaratory

and injunctive relief.  (Id. at 9).

The Court first notes that Plaintiff's inmate trust fund account statement shows that as of

1

June 7, 2013, Plaintiff had $0.00 in his trust fund account. The Court finds that Plaintiff has insufficient funds with which to pay the filing fee, and the Court will, therefore, grant Plaintiff's application to proceed in forma pauperis.

## II.    STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege

or demonstrate that he has exhausted his administrative remedies.  Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005).  Failure to exhaust administrative remedies is an affirmative defense.  "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies."  Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009).  The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III.    DISCUSSION

Here, on the face of the Complaint and by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies with regard to his claims before bringing this lawsuit.  In Section Three of the Complaint titled "Exhaustion of Inmate Administrative Remedies," Plaintiff alleges that he has not exhausted his administrative remedies, stating: "I wanted to file this with the court to get it on the record just in case something happens to me, but I have filed a grievance at the same time."  (Doc. No. 1 at 2).  Plaintiff further states that he filed his administrative grievance on May 26, 2013, in which he complained that officers at Lanesboro prison unjustly assaulted him.  (Id.).

Therefore, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.  The dismissal will be without prejudice to Plaintiff to re-file this action after he has exhausted his administrative remedies.

### IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No.2), is **GRANTED** for

the limited purpose of this initial review.

(2) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust

administrative remedies.  The Clerk of Court is directed to close this case.


Signed: July 9, 2013


Robert J. Conrad, Jr.
United States District Judge